Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

GABRIEL GOMEZ, individually and on behalf of all others similarly situated,

         Plaintiff,

-against-

OXYGEN HOOKAH & SMOKE INC. and MARWAN A. MAHDI, as an individual,

         Defendants.

-----------------------------------------------------------------X

**COLLECTIVE ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

1. Plaintiff, **GABRIEL GOMEZ, individually and on behalf of all others similarly situated**, (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

**PRELIMINARY STATEMENT**

2. Plaintiff, **GABRIEL GOMEZ, individually and on behalf of all others similarly situated**, through undersigned counsel, brings this action against **OXYGEN HOOKAH & SMOKE INC. and MARWAN A. MAHDI, as an individual**, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiff's employment OXYGEN HOOKAH & SMOKE INC., located at 81 E Burnside Ave., Bronx, New York 10453.

3. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages in an amount

exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.
5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.
6. Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.
7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

8. Plaintiff GABRIEL GOMEZ residing at 322 Grove Street, Brooklyn, New York 11237, was employed by the Defendant at OXYGEN HOOKAH & SMOKE INC. from in or around April 2016 until in or around February 2020.
9. Defendant, OXYGEN HOOKAH & SMOKE INC. is a corporation organized under the laws of New York with a principal executive office at 81 E Burnside Ave., Bronx, New York 10453.
10. Defendant, OXYGEN HOOKAH & SMOKE INC. is a corporation authorized to do business under the laws of New York.
11. Upon information and belief, Defendant MARWAN A. MAHDI owns and operates OXYGEN HOOKAH & SMOKE INC.
12. Defendant MARWAN A. MAHDI is an agent of OXYGEN HOOKAH & SMOKE INC.
13. Upon information and belief, Defendant MARWAN A. MAHDI has power over personnel decisions at OXYGEN HOOKAH & SMOKE INC.
14. Upon information and belief, Defendant MARWAN A. MAHDI has power over payroll decisions at OXYGEN HOOKAH & SMOKE INC.

15. Defendant MARWAN A. MAHDI has the power to hire and fire employees at OXYGEN HOOKAH & SMOKE INC. establish and pay their wages, set their work schedule, and maintains their employment records.
16. During all relevant times herein, Defendant MARWAN A. MAHDI was Plaintiff's employer within the meaning of the FLSA and NYLL.
17. On information and belief, OXYGEN HOOKAH & SMOKE INC. is, at present and has been at all times relevant to the allegation in the complaint, an enterprise engaged in interstate commerce within the meaning of the FLSA in that the entity (i) has had employees engaged in commerce or in the production of goods for commerce, and handle, sell or otherwise work on goods or material that have been moved in or produced for commerce by any person: and (ii) has had an annual gross volume of sales of not less than $500,000.00.

## FACTUAL ALLEGATIONS

18. Plaintiff GABRIEL GOMEZ was employed by Defendants at OXYGEN HOOKAH & SMOKE INC. from in or around April 2016 until in or around February 2020.
19. During Plaintiff GABRIEL GOMEZ'S employment by Defendants at OXYGEN HOOKAH & SMOKE INC. Plaintiff's primary duties were stocking supplies, cleaning, customer service, and performing other miscellaneous duties from in or around April 2016 until in or around February 2020.
20. Plaintiff GABRIEL GOMEZ was paid by Defendants approximately $500.00 per week from in or around January 2016 until in or around December 2017 and $550.00 per week from in or around January 2018 until in or around February 2020.
21. Plaintiff GABRIEL GOMEZ worked approximately seventy-two (72) or more hours per week at OXYGEN HOOKAH & SMOKE INC. from in or around April 2016 until in or around February 2020.
22. Although Plaintiff GABRIEL GOMEZ worked approximately seventy-two (72) or more hours per week during his employment by Defendants, Defendants did not pay Plaintiff time and a half (1.5) for hours worked over forty (40), a blatant violation of the overtime provisions contained in the FLSA and NYLL.

23. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by both the NYLL and the FLSA.
24. Upon information and belief, Defendants willfully failed to keep accurate payroll records as required by both NYLL and the FLSA.
25. As a result of these violations of Federal and New York State labor laws, Plaintiff seeks compensatory damages and liquidated damages in an amount exceeding $100,000.00. Plaintiff also seeks interest, attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

## COLLECTIVE ACTION ALLEGATIONS

26. Plaintiff brings this action on behalf of himself and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.
27. Collective Class: All persons who are or have been employed by the Defendants as cleaners, customer service personnel, and supply stockers, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required overtime wage compensation.
28. Upon information and belief, Defendants employed approximately 5-10 employees within the relevant time period who were subjected to similar payment structures.
29. Upon information and belief, Defendants suffered and permitted Plaintiff and the Collective Class to work more than forty hours per week without appropriate overtime compensation.
30. Defendants' unlawful conduct has been widespread, repeated, and consistent.
31. Upon information and belief, Defendants had knowledge that Plaintiff and the Collective Class performed work requiring overtime pay.
32. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.

32. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the Collective Class.
33. Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the Collective Class, and as such, notice should be sent to the Collective Class. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit. Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.
34. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.
35. The claims of Plaintiff are typical of the claims of the putative class.
36. Plaintiff and his counsel will fairly and adequately protect the interests of the putative class.
37. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## FIRST CAUSE OF ACTION
### Overtime Wages Under The Fair Labor Standards Act

38. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
39. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).
40. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
41. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).
42. Defendants willfully failed to pay Plaintiff overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the

5

regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

43. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

44. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SECOND CAUSE OF ACTION
### Overtime Wages Under New York Labor Law

45. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

46. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

47. Defendants failed to pay Plaintiff overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff was entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

48. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to his unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

## THIRD CAUSE OF ACTION
### Violation of the Notice and Recordkeeping Requirements of the New York Labor Law

49. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

51. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

**Violation of the Wage Statement Requirements of the New York Labor Law**

52. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.
53. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)
54. Defendants are liable to Plaintiff in the amount of $5,000.00 each, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request that judgment be granted:
   a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;
   b. Awarding Plaintiff unpaid overtime wages;
   c. Awarding Plaintiff liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);
   d. Awarding Plaintiff prejudgment and post-judgment interest;
   e. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; and
   f. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: This 20th day of August, 2020.

_/s/ Roman Avshalumov_
Roman Avshalumov, Esq. (RA 5508)
Helen F. Dalton & Associates, PC
Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Telephone: 718-263-9591
Fax: 718-263-9598

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL GOMEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

OXYGEN HOOKAH & SMOKE INC. and MARWAN A. MAHDI, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

TO:
**OXYGEN HOOKAH & SMOKE INC.**
**81 E BURNSIDE AVENUE**
**BRONX, NEW YORK, 10453**

**MARWAN A. MAHDI**
**81 E BURNSIDE AVENUE**
**BRONX, NEW YORK, 10453**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GABRIEL GOMEZ, individually and on behalf of all others similarly situated,

Plaintiff,

-against-

OXYGEN HOOKAH & SMOKE INC. and MARWAN A. MAHDI, as an individual,

Defendants.

## SUMMONS & COMPLAINT

HELEN F. DALTON & ASSOCIATES, P.C.
Attorneys for Plaintiffs
80-02 Kew Gardens Road, Suite 601
Kew Gardens, NY 11415
Phone (718) 263-9591
Fax (718) 263-9598

TO:
**OXYGEN HOOKAH & SMOKE INC.**
**81 E BURNSIDE AVENUE**
**BRONX, NEW YORK, 10453**

**MARWAN A. MAHDI**
**81 E BURNSIDE AVENUE**
**BRONX, NEW YORK, 10453**